Atmore Baggett from Phoenix on behalf of Appellant Otero-Soto, Your Honor. At time of sentencing on March 12th of last year, the government explained its charging decision as follows. The defendant was given a break in the first place by not charging him to be caught up in the conspiracy in respect to the brandishing of the SKS, which could have been charged. So the government deliberately made the decision not to charge a 924C weapons offense during and in relation to the conspiracy, which was count one of the indictment. The unfortunate part of this case is the instructions given by the trial judge allowed that to happen. The judge essentially told the jury you can find a 924C violation in relation to any of the charged crimes. And, of course, as you go through the room, you can find that. The instruction didn't say quite that. It didn't say any of the charged crimes. Well, it didn't exclude count one. Right, but it didn't say any. It said the crimes charged in the indictment. And what objection did defense counsel lodge to that? He didn't. This was under the plain error standard. It's a tough road to hoe. It's a toughie. It's a tough road to hoe. I mean, the reason we have the contemporaneous objection rule is, as Judge Smith will remind us, trial judges don't like to be taken by surprise by having counsel stand mute and then having the court of appeals say you made a mistake. And the judge says, well, you know, I would have corrected it if somebody had just spoken up. Isn't that right, Judge Smith? Correct. I mean, the judge here, I mean, this is exactly the kind of error that could have been corrected if the defense counsel had spoken up. Absolutely, but it wasn't. And the problem is you have very basic constitutional rights here, the right not to be convicted based on an uncharged offense. I'll quote you back from the 1960s, Sterone v. United States, a court cannot permit a defendant to be tried on charges that are not made in the indictment. Bear in mind that most of the, in fact, all of the circuit cases in this area are habeas corpus. Let me pass out the situation for you. So your claim is he might have been convicted, the jury might have mistakenly convicted him for carrying a gun during the conspiracy, but not during the offense itself. During the possession, yes. Because the whole case is conspiracy. He never possessed outside of the conspiracy. This was a neighborhood convenience market. But you're interrupting my question. Let me just get the thought out. Okay. Okay. So you're saying they might have convicted him for the conspiracy and acquitted him of possessing the gun during the offense itself. That would be the error. They got it wrong. They thought he didn't possess a gun during the substantive crime, but they mistakenly convicted him for possessing it during the conspiracy. But the portion of the conspiracy that was not the substantive crime. And I'm just trying to, in the physical world, I'd like to explain to me when that time and place would have been that there was, the conspiracy was ongoing, there was a possession of a gun, and it wasn't also part of the substantive crime. Right. They were parallel. They were basically overlapping charges, even though the elements are different. Yes. Well, in that case, I don't see why you have a complaint at all. Because if they might also have found him guilty of possessing it during the conspiracy, but that is of no concern to you because if they did, it would also have been exactly the same physical time that he was committing the offense. So by necessity, they had to find him guilty of both. I just don't see where they are separable events. It's just sort of a theoretical problem, but I don't see where it is a practical problem. Your Honor, the practical problem is that count one was the conspiracy, and it is entirely possible the jury convicted him based on possession of the gun during the conspiracy. Which would also have been during the substantive crime. Exactly. But how do you tell the difference? There's just no way of separating those two out of what they did. We don't have a transcript of the jury deliberations. We don't have special interrogatories. Let me just try to make this clear. I mean, there are cases where you have a conspiracy that extends beyond the substantive crime, and there might have been a sort of gun possession, another gun involved, another whole incident where somebody possessed a gun. In that case, you say, well, you don't know whether they convicted him of the gun possession at the time of the substantive crime, whether they convicted him of this other thing that was going on days earlier or hours earlier at a different location. And then you say, well, you really could have a conviction that is substantively unsound. But I don't see where you have that possibility here, even theoretically, since the conspiracy was continuous with the substantive crime. But it's very possible that the jury focused on the conspiracy. They asked a jury question concerning the conspiracy, whether the bigger weapon was attributable to Otero Soto or not, and it's quite possible and even probable they started with count one and said, is the gun related to this count one? Because they're all trafficking offenses, the possession as well as the conspiracy. My point is there is certainly a possibility that the jury convicted based on an uncharged offense. But you'd agree, wouldn't you, Calum? Counsel, I have a question for you. Sir. It's Judge Gould. Yes, sir. Was there any evidence before the jury that would have let the jury conclude that the gun was held during a period of time when there was some conspiring when at the same time the appellant did not possess drugs? Because my understanding was the police saw him dealing the drugs. Then when they arrested him, he had drugs on him and the gun in his waistband. So was there any testimony that would indicate there was a period when he could have conspired without the drugs in his pocket? Yes, sir, because we have no evidence of what was going on in the apartment. All we know is what happened in front of the apartment. And, of course, then the police raided the place and found the weapons and the drugs. But we don't know. Certainly they were making plans and conspiring in the apartment, which the police didn't see. So, yes, there's definitely that possibility. Well, and you would agree, Judge Gould asked my question to some extent, but you would also agree that the appellant was convicted of all the charged trafficking offenses, correct? Yes, I have to agree with that. And given that he was convicted of all the charged trafficking offenses, even if it was error for the district court not to specify the predicate offenses as 2, 4, 5, and 6, the error is harmless. Because we have Hanna v. Roveland that says even a constitutionally deficient jury instruction is something that is just a trial-type error that's subject to harmless error review. Your Honor, this type of error is very unique. Under this type of error where someone is not charged, they cannot be convicted no matter what else they did, no matter how strong the evidence is. This type of error is unique. It's not just an impropriety, a slight slip, a mistake, like Netter, for instance. They left out an element. Here the guy cannot be convicted no matter what the record says. And we have no assurance that the jury did not do just that. And that's a constitutional violation. And as I say, there's nothing to show us what the jury actually convicted on. They might have convicted based on the weapon in relation to the conspiracy. They might have done it in relation to other charges. But we have no way of knowing. And you also don't challenge any other jury instruction, as I understand. The jury wasn't misadvised as the elements of the offense. No. In general, no. And in fact, other evidence pretty overwhelming against the appellant, correct? Yes, and he didn't present any defense. He remained silent. But still, he cannot be convicted unless he's charged. And that's the problem, no matter what the evidence is. I'd like to reserve 53 seconds. Thank you. Good morning. May it please the Court. Linda Boone on behalf of the United States. Good morning. Is there anything you've heard this morning that wasn't adequately responded to in your brief? No, Your Honor. Thank you. Thank you. The case is resolved. You will stand submitted. We'll next hear our argument in Yoel v. United States.
judges: Kozinski, Gould, Smith